Filed 12/1/15  P. v. Silvers CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063807 |
| v. | (Super.Ct.No. FWV1500851) |
| PHILLIP TEDDY SILVERS, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Affirmed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Phillip Teddy Silvers, filed a petition for resentencing pursuant to Penal Code section 1170.18, which the court denied.  After defendant filed a notice of appeal, this court appointed counsel to represent him.  Counsel has filed a brief

under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying one potentially arguable issue:  whether the court erred in denying defendant's petition.  We affirm.

## I.  PROCEDURAL STATEMENT

On March 6, 2015, the People charged defendant by felony complaint with possession for sale of methamphetamine (count 1; Health & Saf. Code, § 11378) and possession of ammunition by a prohibited person (count 2; Pen. Code, § 30305, subd. (a)(1)).  The People additionally alleged defendant had suffered a prior strike conviction. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)

On March 17, 2015, pursuant to a plea agreement, defendant pled no contest to the count 2 offense.[1]  In return, the count 1 offense and the prior strike conviction allegation were dismissed.  The court sentenced defendant to the agreed upon term of incarceration of the low term of 16 months.

On April 13, 2015, defendant filed a petition for resentencing pursuant to Penal Code section 1170.18.  On May 8, the court denied the petition.  The minute order for the hearing reflects that the court "finds that [defendant] does not satisfy the criteria in Penal Code [section] 1170.18 and is not eligible for resentencing."

---

[1]  The plea agreement actually reflects that defendant would be pleading *guilty* to the count 2 offense.

## II.  DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues. (*People v. Page* (Oct. 23, 2015, E062760) ___ Cal.App.4th ___ [2015 WL 6437707] [p. 2] [Fourth Dist., Div. Two] [a defendant is ineligible for resentencing pursuant to Pen. Code, § 1170.18 where the offense for which he was convicted is not specifically enumerated within the statute]; *People v. Garness* (Nov. 9, 2015, E062947) ___ Cal.App.4th ___ [2015 WL 6859566] [pp. 2-3] [Fourth Dist., Div. Two] [same].)

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING _____
                                                                    J.


We concur:

RAMIREZ _____
                      P. J.

MILLER _____
                  J.

3